IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                         No. CR 09-2439 JB

JOSEPH MARTINEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff United States of America's Motion to Vacate Trial, filed March 8, 2010 (Doc. 75). The Court held a hearing on March 11, 2010. The primary issue is whether the Court should vacate the current trial setting of March 15, 2010, given that the Court has suppressed most, if not all of Plaintiff United States of America's evidence, and that the United States has not appealed or decided whether to appeal that ruling. Because it is in the interests of justice to allow the United States some time to determine whether it intends to appeal, the Court will grant the motion to vacate the trial set for next week and place the trial on its April trailing docket, which begins April 12, 2010.[1]

## PROCEDURAL BACKGROUND

On February 25, 2010, the Court granted Martinez' motion to suppress. The United States is seeking approval from the Department of Justice in Washington, D.C. to file an interlocutory appeal. The United States must file its Notice of Appeal within thirty days of the Court's order, or

---

[1] At the hearing, Sam Bregman, Defendant Joseph Martinez' attorney, argued against this motion, but also argued in support of the Defendant's Motion for Release, filed March 10, 2010 (Doc. 79). Because the United States has not yet had an opportunity to respond to Martinez' motion for release, the Court will not rule on that motion at this time.

by March 29, 2010.

Trial is currently set for March 15, 2010.  The United States seeks to have the Court vacate this trial while it decides whether to seek an interlocutory appeal of the Court's order addressing and/or granting Martinez' motions to suppress.  The United States has indicated that, if it appeals, it intends to press the Court to continue to detain Martinez while it seeks appellate review of the Court's orders.  The United States' counsel indicated that it will oppose Martinez' release pending the United States' appeal.

On March 8, 2010, the Court scheduled the hearing on the motion to vacate the trial for March 9, 2010.  See Doc. 76.  Later that day, the Court vacated the hearing scheduled for March 9, 2010, and rescheduled it for March 11, 2010.  See Doc. 77.

On March 10, 2010, Martinez filed his Response to Government's Motion to Vacate Trial. See Doc. 78.  While Martinez states that he is not necessarily opposed to vacating the trial, Martinez' counsel opposes the United States' motion to vacate based upon Martinez' current custodial setting.  Martinez states that the Court should deny the motion to vacate the trial unless the Court also grants his motion for release.

Because the United States will not agree to a motion to release Martinez pending the United States' appeal, he has filed a separate motion for release.  Martinez requests that the Court release him from custody.  The United States opposes this motion for release, but has not yet filed a response to Martinez' motion.  To date, Martinez has been held in custody for approximately six months on this federal case.

## ANALYSIS

Pursuant to 18 U.S.C. § 3161(h)(1)(C), the Court will vacate the trial set for next week and exclude the brief period of delay from the speedy trial limits.  By asking the Court to vacate the trial,

the United States is essentially admitting that it has no admissible evidence to support its charges against Martinez.  The ends of justice will be best served by vacating the current trial setting, because, while the United States has strong evidence of guilt, that evidence is inadmissible.

The Court acknowledges that the United States has already had two weeks to decide whether it will seek an interlocutory appeal.  While Martinez recognizes and contends that the Department of Justice is a large bureaucracy, the situation or problem here is not so much bureaucratic inertia as a need to carefully analyze what the Court has done in two lengthy opinions and decide whether the Court's decisions should be appealed.  The United States is entitled to thoughtfully consider whether it should appeal the Court's order or dismiss the federal charges.  No sound purpose is served by requiring the United States to go to trial next week with no evidence or by requiring it to file a Notice of Appeal until it has decided whether it wants to appeal.  The United States' motion and interests in a brief delay to decide, in an informed manner, to the Court's suppression order outweighs the best interests of the public and of Martinez in a speedy trial.  Accordingly, the Court will vacate the trial currently set for March 15, 2010.

**IT IS ORDERED** that the Motion to Vacate Trial is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Presiliano Torrez
Stephen R. Kotz
Charlyn E. Rees
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brad D. Hall
Albuquerque, New Mexico

-- and –

Sam Bregman
Eric Loman
Bregman & Loman, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*