IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff,

vs.                        No. CR 09-2439 JB

JOSEPH MARTINEZ,

  Defendant.

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** comes before the Court on the Defendant's Motion for Release, filed March 10, 2010 (Doc. 79). The Court held a hearing on April 13, 2010. The primary issue is whether the Court should release Defendant Joseph Martinez pending Plaintiff United States of America's appeal of the Court's order suppressing evidence in this case. Because the Court has already thoroughly addressed Martinez' detention pending trial, and because there is been no significant change in his risk of danger to the community or in his risk of flight that counsels the Court to change its previous analysis, the Court will deny his motion for release pending the appeal.

**ANALYSIS**

  The only significant development since the Court issued its Memorandum Opinion and Order, filed October 28, 2009 (Doc. 36), denying Martinez' motion for release pending trial is the Court's suppression order. Martinez contends that, because there is no admissible evidence, the Court should release him. The United States Court of appeals for the Tenth Circuit has recently addressed this issue in a similar context. In United States v. Cos, 198 Fed. Appx. 727 (10th Cir. 2006), the Court suppressed evidence of a gun, but continued to detain the defendant pending an appeal by the United States of the Court's order granting the defendant's motion to

suppress. On appeal of the detention order the defendant argued, among other things, that the district court did not accord proper weight to its suppression order. The Tenth Circuit disagreed:

> Mr. Cos argues that the district court should have treated its suppression order with more significance. Under § 3142(g)(2), the district court must consider the weight of the evidence against the person as a factor in the detention determination. As the district court explained in its May 2006 order, although the suppression order may have impacted this factor, the factor itself should not be given much weight because of the government's appeal and the fact that the gun is still available as possible evidence. The only issue is whether or not the gun will be admissible at trial. In a detention hearing, the district court is permitted to consider the evidence sought to be suppressed as if it were admissible. See 18 U.S.C. § 3142(f) ("The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."). Consequently, the district court did not err in its consideration of this factor. It was appropriate to downplay the significance of the suppression order by noting that the gun is still available as possible evidence.

198 Fed. Appx. at 730. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 835 (10th Cir. 2004) ("In a detention hearing, the district court is permitted to consider the evidence sought to be suppressed as if it were admissible."). The Court finds that, as in United States v. Cos, it should not consider the suppression of the United States' evidence to be particularly significant in assessing whether Martinez is a danger to the community or a flight risk. The Court thus finds no substantial change in circumstance that would warrant a different result than that which the Court reached in its October 28, 2009 Memorandum Opinion and Order. For the reasons stated on the record, for the reasons stated in the Court's October 28, 2009 Memorandum Opinion and Order, which the Court incorporates herein, and for further reasons consistent with those already stated, the Court denies Martinez' request for release pending appeal.

**IT IS ORDERED** that the Defendant's Motion for Release is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Presiliano Torrez
Stephen R. Kotz
Charlyn E. Rees
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brad D. Hall
Albuquerque, New Mexico

-- and --

Sam Bregman
Eric Loman
Bregman & Loman, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*